[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On April 20, 2001, the defendant, Safeco Insurance Company (Safeco), filed a motion for summary judgment. The issue before the court is whether the plaintiff; Mark Mancini, still has a viable claim for secondary insurance proceeds against Safeco despite the court's decision in Mancini v. Safeco, Superior Court, judicial district of Waterbury, Docket No. 0144967 (April 16, 2001, Holzberg, J.).
Safeco argues that the court in Mancini declared that the plaintiff's primary uninsured motorist coverage was one million dollars at the time of his car accident. Safeco argues, therefore, that pursuant to General Statutes § 38a-336 (d) because the plaintiffs' primary uninsured coverage was more than his secondary insurance coverage, the plaintiff has no cognizable claim against Safeco for secondary coverage. In response, the plaintiff argues that he still has a valid claim against his secondary insurer, Safeco, because the city of Waterbury purchased only $40,000 of uninsured motorist coverage and the court has not determined otherwise.
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000).
The plaintiff's argument is not persuasive because the court already ruled in Mancini v. Safeco, supra, Superior Court, Docket No. 0144967, that as a matter of law, the plaintiff's primary uninsured motorist coverage was for one million dollars. Specifically, the court, Holzberg,J., granted a motion for summary judgment in this case, ruling that the CT Page 9279 plaintiff; had no cause of action against his primary insurer, Twin City Fire Insurance Company (Twin City), because he signed a release of all uninsured motorist claims in exchange for $12,500. The court also determined, however, that as a matter of law, the amount of the plaintiff's primary uninsured coverage was one million dollars because the city of Waterbury failed to execute a timely waiver and sign a written consent form to reduce its uninsured coverage from one million dollars to $40,000. See also Dunn v. Middlesex Mutual, Superior Court, judicial district of Waterbury, Docket No. 147281 (April 16, 2001,Holzberg, .J); Brown v. ITT Hartford Life, Superior Court, judicial district of Waterbury, Docket No. 158294 (April 16, 2001, Holzberg, J.) (holding in both cases that the city of Waterbury's uninsured coverage was for one million dollars).
In determining the limits of the plaintiff's uninsured coverage in this case, § 38a-336 (d) provides in relevant part: "If a person insured for uninsured and underinsured motorist coverage is an occupant of a nonowned vehicle covered by a policy also providing uninsured and underinsured motorist coverage, the coverage of the occupied vehicle shall be primary and any coverage for which such person is a named insured shall be secondary." In addition, "[t]he total amount of uninsured and underinsured motorist coverage recoverable is limited to the highest amount recoverable under the primary policy, the secondary policy or any one of the excess policies." See General Statutes §38a-336 (d).
In this case, there is no dispute that at the time of the accident the plaintiff was a passenger in his employer's vehicle, which was a nonowned vehicle pursuant to § 38a-336 (d). The plaintiff's employer, the city of Waterbury, as discussed supra, carried one million dollars in uninsured motorist insurance. In addition, the plaintiff had $100,000 in uninsured motorist coverage from Safeco, his own personal auto policy. (Defendant's Exhibit). Pursuant to § 38a-336 (d), the court finds that because the plaintiff's primary policy, through his employer, is the highest amount of coverage available at one million dollars, as a matter of law, the plaintiff has no viable claim for recovery from his secondary policy provided by Safeco.
For the foregoing reasons, the court finds that there is no genuine issue as to any material fact and that Safeco entitled to judgment as a matter of law. The defendant Safeco's motion for summary judgment is hereby granted.
By the Court,
________________________ CT Page 9280 JOSEPH W. DOHERTY, JUDGE